# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| SHAWN P. BLAZIER,<br><br>                          **Plaintiff,**<br><br>v.<br><br>CURTIS L. LARSON, an individual in his official capacity; and UTAH COUNTY a body politic, in its official capacity aka the UTAH COUNTY ATTORNEY'S OFFICE,<br><br>                          **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:09cv1132 DAK |

      This matter is before the court on (1) Defendants' Motion to Dismiss, (2) Plaintiff's Motion to Strike Reply Memorandum, and (3) Plaintiff's Motion for Temporary Injunctive Relief. A hearing on the motion was held on November 17, 2010. At the hearing, Plaintiff Shawn P. Blazier was represented by Taylor C. Hartley, and Defendants Curtis Larson, Deputy Utah County Attorney, and Utah County (collectively, "Defendants") were represented by Jesse Trentadue and Brian D. Bolinder. Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties. Since taking the motions under advisement, the court has further considered the law and facts relating to the motions. Now being fully advised, the court renders the following Memorandum Decision and Order. \

# I. BACKGROUND

Mr. Blazier has brought this action against Defendants for alleged violations of his civil rights, arising out of their effort to prosecute him for "retaliation against a witness," a third degree felony in Utah. *See* Utah Code Ann. § 76-8-503.3. The offense consisted of Mr. Blazier apparently posting on the internet the alleged "illegal sexual escapades" of a Mr. Menlove and Mr. Easthope, who were to testify against Mr. Blazier in a criminal matter involving felony burglary and assault charges against Mr. Blazier. Mr. Blazier apparently posted his information on www.utahswingersexposed.com, a website designed by Mr. Blazier's company.[1]

According to Plaintiff's Amended Complaint, during the course of his state criminal proceedings related to the witness retaliation charge, Mr. Blazier filed a Motion to Dismiss, or in the Alternative, a Motion to Declare [the Witness Retaliation] Statute Unconstitutional because, he claimed, the charge served to chill his right to exercise free speech. After briefing and oral argument on the motion, the state court took the issue under advisement on October 27, 2009. On November 5, 2009, before the court issued a decision, the prosecution voluntarily dismissed the retaliation case. Before the case was dismissed, however, Mr. Larson conveyed his intention to dismiss in correspondence to Mr. Blazier's criminal defense attorney, and, according

---

[1] While the time frame is not clearly set forth in the pleadings, it appears that at some point during the pendency of the assault and burglary charge and/or the retaliation charge, Mr. Blazier had also filed a state civil lawsuit, alleging fraud against Mr. Menlove, Mr. Easthope, and possibly Fantasyers, Inc. Mr. Blazier claims that because of the "threat" issued by Mr. Larson, Mr. Blazier was forced not to pursue his lawsuit against his accuser in the criminal case. In addition, according to the pleadings, Mr. Blazier also has or had a federal copyright infringement lawsuit against Mr. Menlove's company, Fantasyers, Inc., for alleged theft of intellectual property and for non-payment of the design for the website www.fantasyers.com.

to Mr. Blazier, issued a "threat:"

> In 081101930 (the retaliation case) we'd dismiss completely, however, [Mr. Menlove] and Lisa would request that in return for the dismissal, that Mr. Blazier not post anything, anywhere, on the internet (web site, blog, etc.) about them until after the statute of limitations has run in the case (10/28/2012). If something was posted, we'd look at refiling the case and go forward with it.

Cmplt. ¶ 21.[2]

As a result, Mr. Blazier claims in the instant lawsuit that Defendants have violated his constitutionals rights to free speech, due process,[3] equal protection, and he also claims that the alleged threat is an illegal prior restraint on speech. Along with a declaration that Mr. Larson violated the law in the course of prosecuting him, Mr. Blazier also seeks punitive damages, attorney's fees, and immediate injunctive relief because he claims that:

> If [Plaintiff] cannot warn the public of Mr. Menlove's and Mr. Easthope's sex parties for fear of arrest, for example, then the irreparable injury will immediately be to the Plaintiff's ability to exercise his First Amendment right in a way that would help prevent unsuspecting couples from going to the swinging parties that endanger fidelity in marriage and local society's common sense of sexual morality.[4]

---

[2] Plaintiff also alleges that Mr. Larson stated, "If [Mr. Blazier] posts anything on the Internet about Troy Menlove, I will have him arrested again." *See* Amended Cmplt. ¶ 11. It is not clear if this is a separate statement from the letter sent from Mr. Larson or if it's a paraphrased version of the correspondence set forth above.

[3] In his Amended Complaint, Plaintiff sets forth seven alleged due process violations, including allegations that (1) Mr. Larson "seized the Plaintiff's attorney-file-folder that was in the possession of his former criminal defense attorney . . . " and refuses to return it; (2) Plaintiff has been precluded from pursuing civil lawsuits against Menlove, Easthope, and Fantasyers; and (3) Mr. Larson acted unethically and illegally during Plaintiff's criminal proceedings.

[4] *See* Docket No. 22 at 8.

Therefore, Mr. Blazier seeks an immediate Order from this court, enjoining Defendants Curtis L. Larson and Utah County, Utah from future prosecution of Mr. Blazier related to his potential retaliation against witnesses in a State criminal matter in which Mr. Blazier was the defendant. According to Mr. Blazier, he desires to "immediately post truthful information on the internet" about the sexual activities, including alleged wife swapping, by the witnesses involved in the State action.

## II.  DISCUSSION[5]

### A.    CLAIMS AGAINST MR. LARSON IN HIS OFFICIAL CAPACITY

The official-capacity claims against Mr. Larson must be dismissed for two reasons. First, official capacity suits are treated as suits against the entity of which the officer is an agent. *McMillan v. Monroe Cnty, Ala.,* 520 U.S. 781, 785, n.2 (1997) (citing *Kentucky v. Graham,* 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 690, n.55 (1978))); *see also Atiya v. Salt Lake Cnty.,* No. 87-C-260J, 1991 WL 511072 at *1, *4 (D. Utah Jan. 21, 1991) (holding that suits against government employees are essentially suits against the governmental entity that employs them). Because Mr. Larson represents his employer, Utah County, the law requires this court to dismiss the claims against Mr. Larson in his official capacity.

Moreover, Mr. Larson was acting as an agent of the State of Utah, and the state is immune from suit in federal court under the Eleventh Amendment to the United States Constitution. Specifically, as a prosecutor for the State of Utah, Deputy County Attorney Larson

---

[5] The court has assumed for purposes of this motion that Plaintiff has sued Deputy County Attorney Mr. Larson in both his official capacity and in his individual capacity.

enjoys Eleventh Amendment immunity, which acts as a jurisdictional bar to suits brought against state governments and/or state officials in federal court. *See Arnold v. McCline*, 926 F.2d 963 (10th Cir. 1991). This immunity also extends to civil rights actions brought against the state or state officials. *See Erickson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.2d 1151 (10th Cir. 2001); *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1487, 1492 (10th Cir. 1991) (prosecutorial immunity even applies to an attempt to coerce a plea bargain); *Schepp v. Fremont Cnty. Wyo.*, 900 F.2d 1448, 1453-54 (10th Cir. 1990)(claim that prosecutor denied plaintiff a prompt preliminary hearing barred on the basis of absolute prosecutorial immunity); *Rozek v. Topolnicki,* 865 F.2d 1154, 1158 (10th Cir. 1989) (holding that district attorney in Colorado was immune under Eleventh Amendment when sued for § 1983 violations); *Michels v. Greenwood Lake Police Dept.,* 387 F. Supp. 2d. 361 (S.D.N.Y. 2005) (barring claim by sexual assault victim against district attorney who was prosecuting a criminal matter as representative of New York State, thus subject to Eleventh Amendment immunity). Therefore, any claims for money damages are barred.

The Eleventh Amendment, however, does not bar claims against state officers in their official capacity for prospective injunctive relief from on-going Constitutional violations. *Ex Parte Young*, 209 U.S. 123 (1908); *Verizon Md. Inc. v. Public Serv. Comm'n*, 122 S. Ct. 1753, 1760 (2002); *Lewis v. New Mexico Dep't of Health*, 261 F.3d 970, 975 (10th Cir. 2001). In this case, Mr. Blazier seeks to enjoin a possible future prosecution that could arise as a result of some future internet postings by him about the witnesses and/or accuser in his state criminal case.

It would be entirely improper, however, for this federal court to issue a blanket injunction against the Utah County Attorney's Office (which enforces Utah state law), enjoining that office

from any future prosecution of Mr. Blazier for witness retaliation. The possibility of such a charge being filed against Mr. Blazier if he posted on his website the truthful information he seeks to post is far too speculative, and the specific circumstances surrounding any such charge simply cannot be known at this time. More importantly, this court declines to interfere with any future state criminal prosecutions. Mr. Blazier is not without a remedy if he were to be improperly charged in the future, as he could challenge the charge within the context of any future criminal case and/or file a § 1983 action after the fact.

Accordingly, the claims against Mr. Larson in his official capacity are dismissed, including the claim for prospective injunctive relief.

**B.    CLAIMS AGAINST MR. LARSON IN HIS INDIVIDUAL CAPACITY**

Mr. Blazier's claims against Mr. Larson in his individual capacity fare no better. Mr. Larson is entitled to absolute immunity from Mr. Blazier's civil rights claims because he was acting in his capacity as prosecutor for Utah County.[6] *See Imbler v. Pachtman,* 424 U.S. 409, 427 (1976); *Erickson v. Pawnee Cnty. Bd. of Cnty. Comm'rs,* 263 F.3d 1151 (10th Cir. 2001); *see also Pfeiffer v. Hartford Fire Ins. Co.,* 929 F.2d 1487, 1492 (10th Cir. 1991); *Schepp v. Fremont Cnty. Wyo.,* 900 F.2d 1448, 1453-54 (10th Cir. 1990) (barring claim that prosecutor denied plaintiff a prompt preliminary hearing barred based on prosecutorial immunity). Therefore, the claims against Mr. Larson in his individual capacity are dismissed.

**C.    CLAIMS AGAINST THE COUNTY**

The court must dismiss Mr. Blazier's claims against Utah County. First, Mr. Blazier has

---

[6] Plaintiff appears to have conceded this argument because he did not address the issue in his Memorandum in Opposition. *See* Docket No. 22.

not alleged that Mr. Larson's alleged violations were the result of a County practice, policy or custom, and § 1983 does not support a claim based on respondeat superior. Second, even if the County could be held liable based on respondeat superior, that liability is derivative and secondary to Mr. Larson's liability, and, as explained above, Mr. Larson is immune from suit, with the exception of claims for injunctive relief, as discussed above. Even as to the claim for prospective injunctive relief, however, the court has explained that it would be improper for this court to interfere with the Utah County Attorney Office's decision to bring criminal charges against a specific individual in specific circumstances. Third, Mr. Blazier has not alleged conduct by the County that rises to the level of ratification of Mr. Larson's conduct. Finally, in any event, Mr. Larson's conduct cannot be attributed to the County because Larson was acting as a prosecutor for the State of Utah. *See Arnold*, 926 F.2d at 965-66 (finding that district attorney is a state official under Oklahoma law); *Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir. 1997); *Sonnier v. Los Angeles Cnty. Dist. Attorney's Office*, 33 Fed.Appx. 252, 254 (9th Cir. 2002); *Michels*, 387 F. Supp. 2d at 367 ("'when prosecuting a criminal matter, a district attorney… acting in a quasi-judicial capacity, represents the State not the county'") (quoting *Baez v. Hennessy*, 853 F.2d 73 (2nd Cir. 1988)); *Williams v. Fedor*, 69 F. Supp. 2d 649, 661-662 (M.D. Pa. 1999).

Because the court has determined that none of Plaintiff's claims survives, his Motion for Temporary Injunctive Relief must necessarily be denied.[7]

---

[7] The court also denies Plaintiff's Motion to Strike Defendants' Reply Memorandum. Plaintiff has not offered sound basis for striking the memorandum.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Temporary Injunctive Relief [Docket No. 27] is DENIED.  Plaintiff's Motion to Strike Reply Memorandum [Docket No. 24] is DENIED.  Defendants' Motion to Dismiss [Docket No. 20] is GRANTED, and Plaintiff's claims against Defendants are DISMISSED.   The Clerk of the Court is directed to close this case.

DATED this 24th day of February, 2011.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge